IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YVONNE BOWENS-THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:16-cv-621-MHT-WC |
| | ) |
| ALABAMA COOPERATIVE | ) |
| EXTENSION SYSTEM, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On July 28, 2016, Plaintiff filed a complaint alleging claims of race discrimination and retaliation under Title VII, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981. Doc. 1. The United States District Judge then referred this case to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." Doc. 14. Defendants filed a Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Doc. 8). Plaintiff responded (Doc. 15), and Defendants replied (Doc. 16). As the matter is fully briefed, it is ripe for recommendation to the District Judge. For the reasons that follow, the undersigned RECOMMENDS that Defendants' Motion to Dismiss (Doc. 8) be GRANTED and that Plaintiff's claims be DISMISSED.

Defendants' Motion to Dismiss argues that Plaintiff's complaint should be dismissed for failure to meet the requirements of Rule 12(b)(6) of the Federal Rules of Civil Procedure. Def.'s Mot. (Doc. 8). Defendants argue that they have not been given fair notice of Plaintiff's claims, as required by Rule 8(a), because Plaintiff has merely

provided them with "sparse information" about her claims that is peppered with labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id*. at 5-6, ¶¶ 5, 6. Specifically, Defendants point to Plaintiff's failure to allege "who she claims bullied, harassed, and retaliated against her; how she was bullied; how she was harassed; the frequency, duration, and severity of the harassment; how she was retaliated against; what predicate act that makes whatever she is complaining about retaliatory; and the dates when the challenged actions took place[.]" *Id*. at 6, ¶ 7. As such, Defendants argue that the court should "dismiss the case outright, with prejudice." *Id*. at 7, ¶ 8. In the alternative, Defendants request that the court require Plaintiff to file a more definite statement of her claims. *Id.* at 1.

Plaintiff chose not to amend her complaint as a matter of course. Instead, Plaintiff responds that her complaint is sufficient because it "provides a clear factual basis for her four causes of action." Pl.'s Resp. (Doc. 15) at 2, ¶ 3. With regards to her race discrimination claims, Plaintiff argues that Defendants' argument for dismissal "is merely an attempt to *dispute* the facts of Plaintiff's Complaint. . . ." *Id*. at 2, ¶ 4 (emphasis in original). With regards to her unlawful retaliation claims, Plaintiff argues that her complaint "illustrates a clear predicate to the retaliatory action of her significant demotion in 2015" based upon her allegation that prior to her reassignment, she reported to her boss that "she felt like she was being bullied, harassed, and retaliated against because of her race and/or her complaints about race-discrimination." *Id*. at 3, ¶ 5. Thus, Plaintiff stands on the sufficiency of her complaint, as pleaded, and urges the court to deny Defendants' motion to dismiss. *Id*. at 2, ¶ 3 ("However, to the contrary, Plaintiff's Complaint provides

a clear factual basis for her four causes of action. It is not simply a formulaic recitation of the elements of a cause of action."); *id.* at 3, ¶ 5 ("Based on the foregoing, Defendants' Motion to Dismiss, or Alternatively, Motion for a More Definite Statement, is due to be denied.").

When considering a Rule 12(b)(6) motion to dismiss, a court accepts the nonmovant's allegations as true, *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984), and construes the pleading in the nonmovant's favor, *Duke v. Cleland,* 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of the pleading, the court is guided by a two-prong approach: (1) the court is not bound to accept conclusory statements of the elements of a cause of action, and (2) where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 663-64 (2009). "[A nonmovant's] obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). To survive a motion to dismiss, a pleading need not contain "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). "In the employment discrimination context, a Title VII complaint is not subject to a Rule 12(b)(6) dismissal merely because it fails to allege all of the facts needed to support a prima facie case of discrimination." *Cobb v. Marshall*, 481 F. Supp. 2d 1248, 1257 (M.D. Ala. 2007) (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (holding that the prima facie evidentiary

3

standard which applies in Title VII employment discrimination cases is not the standard by which a complaint is measured under Rule 8(a))).  Nonetheless, "[p]leadings must be something more than an ingenious academic exercise in the conceivable." *Jackson v. BellSouth Telecomm.,* 372 F.3d 1250, 1271 (11th Cir. 2004).  "A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl.,* 550 U.S. at 562 (citing *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)).

Here, Plaintiff's complaint alleges that she filed a charge of race discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 5, 2015, and that she received her right-to-sue letter on July 11, 2016.[1]  Doc. 1 at 2, ¶ 2.  She avers that she is an African-American female who began her employment with Defendant Alabama Cooperative Extension System ("ACES") in 1994, who was promoted in 2005, and who was significantly demoted in June 2015 to "the same position [she] held approximately thirteen years prior."  *Id*. at 3, ¶¶ 12-16.  Plaintiff avers that "she performed her job well and received high performance appraisals in [her promoted] position and her prior positions with [Defendant] ACES."  *Id*. at 3, ¶ 14.  Plaintiff alleges that, prior to her June 2015 demotion, Plaintiff reported to her boss, Defendant Stan Windham, "that she felt like she was being bullied, harassed, and retaliated against because of her race and/or her complaints about race discrimination."  *Id*. at 3-4, ¶ 17.  Further, Plaintiff alleges that "there

---

[1] Plaintiff's complaint does not attach her EEOC complaint, nor have Defendants included it as an attachment in their motion to dismiss.

4

is a longstanding pattern and practice of discrimination against African-Americans by [Defendant] ACES, including examples of others in recent years." *Id*. at 4, ¶ 18.

## I.     Plaintiff's complaint fails to state claims of retaliation pursuant to Title VII and § 1981.

To state a *prima facie* claim of retaliation pursuant to Title VII and § 1981,[2] a plaintiff must allege (1) she was engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse employment action. *See Entrekin v. City of Panama City, Fla.,* 376 F. App'x 987, 993–94 (11th Cir. 2010) (citing *Pennington v. City of Huntsville,* 261 F.3d 1262, 1266 (11th Cir. 2001)).  A Title VII or § 1981 complaint "need not allege facts specific to make out a prima facie case, just enough factual matter to suggest retaliation." *Melton v. Nat'l Dairy LLC,* 705 F. Supp. 2d 1303, 1333 (M.D. Ala. 2010) (citations omitted); *see also Uppal v. Hosp. Corp. of Am.,* 482 F. App'x 394, 396 (11th Cir. 2012) ("Although a . . . complaint need not allege facts sufficient to make out a classic . . . prima facie case, it must provide enough factual matter (taken as true) to suggest [retaliation]."); *Liburd v. Bronx Lebanon Hosp. Ctr.,* No. 07 Civ. 11316(HB), 2008 WL 3861352, at *4 (S.D.N.Y. Aug. 19, 2008) ("'[A] complaint in an employment [retaliation] lawsuit [need]

---

[2] The same legal standard applies to retaliation claims under both Title VII and § 1981.  *See Butler v. Ala. Dep't of Transp.,* 536 F.3d 1209, 1215 (11th Cir. 2008); *Goldsmith v. Bagby Elevator Co.,* 513 F.3d 1261, 1277 (11th Cir. 2008) (applying the same three-part test to retaliation claims under Title VII and § 1981). *See also Wilson v. Farley,* 203 F. App'x 239, 247 (11th Cir. 2006) (per curiam) (unpublished) (*citing Standard v. A.B.E.L. Servs., Inc.,* 161 F.3d 1318, 1330 (11th Cir. 1998)) ("A claim brought under 42 U.S.C. § 1981 is analyzed under the same framework as a Title VII claim because both statutes have the same requirements of proof.").

not contain specific facts establishing a *prima facie* case of [retaliation] under the framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 . . . (1973).'").

Plaintiff's complaint alleges that she engaged in statutorily protected activity by reporting to her boss that she was being bullied, harassed, and retaliated against because of her race and/or her complaints about race discrimination. *Shannon v. Bellsouth Telecomms., Inc.,* 292 F.3d 712, 715 n. 2 (11th Cir. 2002) (noting that an employee may engage in protected activity by "voicing complaints of [racial] discrimination" to his employer); *see also Reynolds v. Fed. Express Corp.,* No. 09–2692–STA–cgc, 2012 WL 1107834, at *24 (W.D. Tenn. Mar. 31, 2012) (footnote omitted) (noting that typical forms of protected opposition "include complaining about allegedly unlawful practices"). Thus, Plaintiff has alleged sufficient facts to satisfy the first element of an employment retaliation claim.

Plaintiff's complaint also alleges that she suffered an adverse employment action when she was demoted to the position she held almost thirteen years prior to her reassignment. *Braswell v. Allen*, 586 F. Supp. 2d 1297, 1305-06 (M.D. Ala. 2008) ("For the purposes of a Title VII discrimination claim, the Eleventh Circuit defines an adverse employment action as an 'ultimate employment decision' or some other showing of substantiality in the employment context. . . . An ultimate employment decision includes termination, failure to hire, or *demotion*.") (emphasis added). Thus, Plaintiff has alleged sufficient facts to satisfy the second element of an employment retaliation claim.

However, Plaintiff's complaint fails to allege a causal connection between her protected activity and the adverse employment action she suffered. In order to survive a

motion to dismiss, "[a] plaintiff may demonstrate that the protected activity and the adverse action are not wholly unrelated by showing that [1] the decision-maker was aware of the protected conduct and that [2] there was a close temporal proximity between such awareness and the adverse action." *McArthur v. Northstar Funeral Serv. of Fla.*, No. 10-24517-CIV, 2011 WL 1549007, at *5 (S.D. Fla. April 22, 2011). Here, Plaintiff fails to allege facts suggesting either. While Plaintiff's complaint avers that she voiced complaints of racial discrimination to her boss *prior* to her reassignment and also that her boss hand-delivered her demotion letter to her in June 2015, she fails to allege that the decision-makers regarding her demotion were aware that she had voiced complaints of racial discrimination at the time the decision to demote Plaintiff was made.[3] Further, because there is no allegation respecting when Plaintiff complained to her boss, Plaintiff also fails to allege facts sufficient to suggest a close temporal proximity between the protected activity and adverse action.[4] As such, Plaintiff has failed to allege sufficient facts to support a Title VII or § 1981 retaliation claim because Plaintiff has not alleged the requisite causal connection between her protected activity and the adverse employment action she suffered. *See, e.g., Albu v. TBI Airport Mgmt.,* 1:15cv3120, 2016 WL 6246732, at *4 (N.D.

---

[3] Plaintiff does not allege that her boss, to whom she voiced the complaints of racial discrimination, was a decision-maker in her demotion. Instead, she alleges that her boss hand-delivered the letter of reassignment/demotion that was "from [Defendant] ACES Director Gary Lemme and Dr. Paul Brown. Doc. 1 at 3, ¶ 15.

[4] Plaintiff merely alleges that the complaints to her boss occurred "prior" to her receipt of her demotion letter. In her opposition to Defendants' motion to dismiss, Plaintiff argues that her use of the word prior is enough to survive a motion to dismiss. Doc. 15 at 3, ¶ 5 ("Plaintiff . . . makes a clear claim that she was unlawfully retaliated against in her demotion for *previously* making complaints about race discrimination to her boss.") (emphasis in original). The undersigned disagrees.

Ga. Oct. 26, 2016) (adopting the magistrate judge's recommendation dismissing a Title VII retaliation claim because the plaintiff failed to allege that any decision-maker was aware of his protected activity at the time of the adverse employment action); *Thompson v. City of Miami Beach, Fla.*, 990 F. Supp. 2d 1335, 1342 (S.D. Fla. 2014) (dismissing a Title VII retaliation claim where the plaintiff failed to allege a causal link between the plaintiff's participation in protected activity and the adverse employment action taken against her); *Dubose v. SYSCO Corp.*, No. 1:10-cv-02952-WSD, 2011 WL 1004675, at *2 (N.D. Ga. March 18, 2011) (holding that a complaint alleging a seven month interval between protected activity and an adverse employment decision was insufficient, without more, to support a claim for retaliation); *Ward v. Ala. Dep't of Conservation and Nat'l Res.*, Civil Action No. 1:10cv745-WHA-SRW, 2010 WL 5014343, at *5 (M.D. Ala. 2010) (dismissing retaliation claim because the plaintiff made no factual allegations to show a causal connection between the protected activity and the adverse employment action); *but see Lasseigne v. White,* 1:14-cv-3156-TWT-CMS, 2015 WL 10015298, at *5 (N.D. Ga. Dec. 21, 2015) (denying defendant's motion to dismiss because plaintiff alleged that he received a negative performance review approximately two months after engaging in protected activity).  Accordingly, Plaintiff's retaliation claims are due to be dismissed.

**II.     Plaintiff's complaint fails to state claims of race discrimination pursuant to Title VII and § 1981.**

To establish a *prima facie* case of race-based disparate treatment, a plaintiff generally must show that: (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) the employer replaced her with someone outside her

8

protected class, or otherwise treated similarly-situated employees outside her protected class more favorably, and (4) she was qualified to perform the duties of her job.[5] *See, e.g., Scott v. Suncoast Beverage Sales, Ltd.,* 295 F.3d 1223, 1228 (11th Cir. 2002); *Crapp v. City of Miami Beach,* 242 F.3d 1017, 1020 (11th Cir. 2001); *Nix v. WLCY Radio/Rahall Comm'ns,* 738 F.2d 1181, 1185 (11th Cir. 1984). "Although a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas prima facie* case, it must provide 'enough factual matter (taken as true) to suggest' intentional race discrimination." *Davis v. Coca–Cola Bottling Co. Consol.,* 516 F.3d 955, 974 (11th Cir. 2008) (internal citations omitted). In addition to containing well-pleaded factual allegations, complaints must also meet the "plausibility standard" set forth in *Twombly* and *Iqbal. See Bowers v. Bd. of Regents of Univ. Sys. of Ga.,* 509 F. App'x 906, 910 (11th Cir. 2013).

    Here, Plaintiff's complaint alleges that she is a member of a protected class, that she suffered an adverse employment action, and that she was qualified to perform the duties of her job. Thus, Plaintiff has alleged sufficient facts to satisfy elements one, two, and four of a race discrimination claim. However, Plaintiff has alleged no facts indicating that her employer replaced her with someone outside of her protected class, or that her employer treated similarly-situated employees outside of her protected class more favorably. *See Scott*, 295 F.3d at 1228. Indeed, the only reference Plaintiff's complaint makes to disparate treatment is a legal conclusion stating that Defendant ACES has "a longstanding pattern

---

[5] The elements for a claim of race discrimination are the same under both Title VII and § 1981. *See Standard v. A.B.E.L. Serv., Inc.,* 161 F.3d 1318, 1330 (11th Cir. 1998).

9

and practice of discrimination against African-Americans . . . including examples of others in recent years."[6]  Doc. 1 at 4, ¶ 18.  Because Plaintiff's complaint is completely devoid of factual assertions that the court can construe in her favor to suggest intentional discrimination on the part of Defendant ACES, Plaintiff's Title VII and § 1981 claims of race discrimination are due to be dismissed.

Accordingly, for all of the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Defendants' Motion to Dismiss (Doc. 8) be GRANTED.  The undersigned

RECOMMENDS that Plaintiff's complaint (Doc. 1) be DISMISSED in its entirety.[7]

Further, it is

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before November 23, 2016**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance

---

[6] Plaintiff's complaint does not identify the other incidents of discrimination against African-Americans, nor does it suggest in any way that those incidents involved similarly-situated employees outside of her protected class that were treated more favorably than she.

[7] The Eleventh Circuit has held that a district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.  *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).  In this case, Defendants placed Plaintiff on notice of the deficiencies in Plaintiff's complaint in their motion to dismiss.  *See* Doc. 8 at 5-6, ¶¶ 5-7 (arguing that Plaintiff's complaint should be dismissed because it provided mere legal conclusions and sparse information regarding the who, how, when, etc., of her claims).  Instead of amending the complaint as a matter of course pursuant to Rule 15(a)(1)(B), Plaintiff, who is represented by counsel, chose to stand on the sufficiency of the complaint as pleaded.  However, for the reasons discussed more fully in this recommendation, Plaintiff's complaint is deficient, and should be dismissed.

with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Done this 9th day of November, 2016.

                                 /s/ Wallace Capel, Jr.
                                 UNITED STATES MAGISTRATE JUDGE